UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL ANTHONY LOPRESTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1783 CDP |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Currently before the Court are plaintiff's motion to appoint counsel and plaintiff's letter in response to the Court's order to show cause.

First, plaintiff asks that I appoint counsel to represent him in this matter. There is no constitutional or statutory right to a court-appointed attorney in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including the likelihood that the petitioner and the court will benefit from the assistance of counsel, the factual complexity of the case, the petitioner's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal issues. Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Upon review of the plaintiff's complaint, defendant's answer thereto and the administrative transcript, I find that appointment of counsel is not warranted at this time. The claims and underlying facts of this case are relatively straightforward and do not appear to involve complex factual and legal issues. Plaintiff seeks judicial review of the denial of his application for disability insurance benefits claiming that the impairments from which he suffers entitle him to the receipt of disability benefits.

Review of plaintiff's adverse ruling by the Social Security Administration requires this Court to determine whether substantial evidence supports the Commissioner's decision to deny plaintiff benefits. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992); Groeper v. Sullivan, 932 F.2d 1234, 1237 (8th Cir. 1991). As such, a challenge to such an adverse ruling does not involve overly complex issues of law.

With respect to conflicting testimony, the undersigned notes that the defendant has submitted the administrative record in this cause, which includes the transcript of the hearing before the Administrative Law Judge and the medical records which were submitted to and relied upon by the ALJ in rendering her decision. In light of this record, the undersigned anticipates no conflicting testimony in this cause. Because the factual nature and legal issues of this case are not complex and plaintiff has provided the Court with details giving rise to his claim, the undersigned finds at this time that

plaintiff is able to present his claim to the Court. Therefore, his motion for appointment of counsel will be denied.

Second, plaintiff filed a letter with the Court on May 24, 2006, in response to the Court's order to show cause. He states that all of the medical evidence and information to support his claim was not presented at his ALJ hearing. Based on the administrative transcript it appears that no new evidence was submitted with plaintiff's request for review of the hearing decision nor was additional evidence attached to his response to the order to show cause. Also in his original complaint, plaintiff states that his social security benefits were denied "without review of complete medical records." Yet, again, no additional medical records were included with the complaint. The Court notes that according to the transcript the ALJ left the record open, for a period of one month following the hearing, in order to include missing medical records from Thomas Lemp at Catholic Family Services in St. Louis. To the extent plaintiff is referring to these records, the plaintiff should be aware that the ALJ received these records from plaintiff's previous counsel and they are included in the transcript filed by defendant.

It has come to the Court's attention that plaintiff delayed further filings in anticipation of a ruling on the motion to appoint counsel. This case must proceed without delay. If plaintiff wishes to file a Brief in Support of his Complaint or to include additional medical evidence in the file, he must file such documentation by **June 30, 2006.** If no additional Brief or records are filed, plaintiff's letter in response

to the show cause order will be accepted as his brief. In that case, the Commissioner shall serve and file a brief within thirty (30) days after the service of plaintiff's notice to the Court, or by **July 17, 2006**, at the latest. However, if plaintiff files a Brief in Support or additional medical records, the Commissioner shall serve and file a brief within thirty (30) days of plaintiff's filing, or by **July 31, 2006**. Plaintiff shall have ten (10) days after service of the Commissioner's brief to file a reply brief. No further briefs shall be filed except by leave of court upon a showing of good cause.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to appoint counsel [#4] is denied.

**IT IS FURTHER ORDERED** that plaintiff shall file any Brief in Support of Complaint or additional documentation, no later than **June 30, 2006**, setting forth the specific bases upon which plaintiff claims the Commissioner to have erred in her determination to deny plaintiff benefits, and include any additional relevant medical evidence. If plaintiff fails to file a brief, the Court will treat his response to the show cause order as his brief.

**IT IS FINALLY ORDERED** that the Commissioner shall serve and file her brief in response within thirty (30) days of service of plaintiff's brief. Plaintiff shall

have ten (10) days after service of the Commissioner's brief to file a reply brief. No further briefs shall be filed except by leave of court upon a showing of good cause.

Dated this <u>23rd</u> day of June, 2006.

                                                      _____
                                                      CATHERINE D. PERRY
                                                      UNITED STATES DISTRICT JUDGE